UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York   10601
(914) 328-0404
Of Counsel to the
OFFICE OF THE WESTCHESTER
COUNTY ATTORNEY
Counsel for Defendants:
    Joseph A. Saccomano, Jr.  (JS 7504)
    Susanne Kantor (SK 8278)

------------------------------------------------------------------x
MICHAEL A. DEEM,

                Plaintiff,              Case No. 09 civ. 1842 (SCR)(LMS)

      - against -

                                DEFENDANT
CHARLENE INDELICATO, individually,        CHARLENE
LORI ALESIO, individually, HILLARY          INDELICATO'S
RAIMONDI, individually, CAROL                 ANSWER TO
ARCURI, individually, and the COUNTY        PLAINTIFF'S
OF WESTCHESTER, New York                     COMPLAINT

                Defendants.
------------------------------------------------------------------x

        Defendant, Charlene Indelicato (hereinafter "Defendant"), by and through her attorneys, the Office of the Westchester County Attorney, Jackson Lewis LLP, of counsel, for her Answer to Plaintiff's Complaint herein states as follows:

### AS TO "NATURE OF THE ACTION"

        1.    Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint, except admits Plaintiff purports to bring this action under the Uniform Services Employment and Reemployment Act, 38 U.S.C. §4301, Title VII, 42 U.S.C. §2000e, and 42 U.S.C. §1983.

## AS TO "JURISDICTION"

2.      Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, except admits Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§1331, 1343, and 1367.

## AS TO "THE PARTIES"

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, except admits Plaintiff was employed by the County of Westchester as an Assistant County Attorney at certain times.

4.      Defendant denies each and every allegation set forth in Paragraph 4 of the Complaint, except admits Defendant Indelicato has served as County Attorney for Defendant County of Westchester at certain times.

5.      Defendant denies each and every allegation set forth in Paragraph 5 of the Complaint, except admits Lori Alesio has served as a Deputy County Attorney for Defendant County of Westchester at certain times.

6.      Defendant denies each and every allegation set forth in Paragraph 6 of the Complaint, except admits Hillary Raimondi has served as an Associate County Attorney for Defendant County of Westchester at certain times.

7.      Defendant denies each and every allegation set forth in Paragraph 7 of the Complaint, except admits Carol Arcuri has served as an Associate County Attorney for Defendant County of Westchester at certain times.

8.      Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

## AS TO "THE FACTS"

9. Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint.

10. Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint.

11. Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint.

12. Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint.

14. Defendant denies each and every allegation set forth in Paragraph 14 of the Complaint, except admits Plaintiff was on a military leave of absence at certain times.

15. Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint, except admits Plaintiff applied for the Michaelian Scholarship at certain times.

16. Defendant denies each and every allegation set forth in Paragraph 16 of the Complaint, except admits Plaintiff applied for the Michaelian Scholarship at certain times.

17. Defendant denies each and every allegation set forth in Paragraph 17 of the Complaint, except admits Plaintiff applied for the Michaelian Scholarship at certain times and was granted the scholarship at a certain time.

18. Defendant denies each and every allegation set forth in Paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint, including subparts (i) through (xx).

22. Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation set forth in Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation set forth in Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation set forth in Paragraph 25 of the Complaint.

26. Defendant denies each and every allegation set forth in Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint.

## AS TO "AS AND FOR A FIRST CLAIM"

28. Defendant repeats and re-alleges her responses to Paragraphs "1" through "27" of the Complaint as though fully set forth herein in response to Paragraph 28 of the Complaint.

29. Defendant denies each and every allegation set forth in Paragraph 29 of the Complaint.

## AS TO "AS AND FOR A SECOND CLAIM"

30. Defendant repeats and re-alleges her responses to Paragraphs "1" through "27" of the Complaint as though fully set forth herein in response to Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation set forth in Paragraph 31 of the Complaint.

## AS TO "AS AND FOR A THIRD CLAIM"

32. Defendant repeats and re-alleges her responses to Paragraphs "1" through "27" of the Complaint as though fully set forth herein in response to Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation set forth in Paragraph 33 of the Complaint.

## AS TO "AS AND FOR A FOURTH CLAIM"

34. Defendant repeats and re-alleges her responses to Paragraphs "1" through "27" of the Complaint as though fully set forth herein in response to Paragraph 34 of the Complaint.

35. Defendant denies each and every allegation set forth in Paragraph 35 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred, in whole or in part, on the basis of res judicata, collateral estoppel, and/or because they were adjudicated in a prior litigation.

## SECOND AFFIRMATIVE DEFENSE

37.  Plaintiff's Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

## THIRD AFFIRMATIVE DEFENSE

38.  Plaintiff's Complaint should be dismissed because at all times relevant hereto, Defendant acted in good faith and for good cause and has not violated any rights which may be secured to Plaintiff under the United States Constitution, or Federal, State or local laws, rules, regulations or guidelines.

## FOURTH AFFIRMATIVE DEFENSE

39.  Punitive damages may not be awarded against Defendant individually because Defendant acted, at all times, without malice and did not intentionally, recklessly, or callously violate or disregard any legal, statutory, or Constitutional right of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

40.  Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

## SIXTH AFFIRMATIVE DEFENSE

41.  Plaintiff's Complaint should be dismissed and the demands for relief stated therein should be denied because Plaintiff caused his own alleged damages or has failed, in whole or in part, to make diligent and good faith efforts to mitigate the damages he allegedly suffered.

## SEVENTH AFFIRMATIVE DEFENSE

42. Defendant's actions regarding Plaintiff were at all times based upon legitimate, constitutional, and non-discriminatory reasons unrelated to Plaintiff's gender and/or military status.

## EIGHTH AFFIRMATIVE DEFENSE

43. In the event a verdict or decision is determined in favor of Plaintiff against the Defendant, no punitive damages may be properly awarded if the conduct upon which the verdict is rendered occurred while Defendant was acting within the scope of her employment and did not constitute intentional wrongdoing or recklessness, because Defendant is entitled to indemnification from her municipal employer, against which punitive damages may not be awarded as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

44. Plaintiff is not entitled to attorneys fees and costs because he failed to allege any cognizable claim against Defendant.

## TENTH AFFIRMATIVE DEFENSE

45. Each and every action taken by Defendant with respect to Plaintiff was justified by operational necessity, and for the efficient public service by the Defendant County's employees.

## ELEVENTH AFFIRMATIVE DEFENSE

46. Plaintiff's Complaint should be dismissed since there are no unconstitutional policies, customs or practices to support such claims.

### TWELFTH AFFIRMATIVE DEFENSE

47.  Plaintiff did not suffer an injury as a result of a pattern, practice or policy of the Defendant County.

### THIRTEENTH AFFIRMATIVE DEFENSE

48.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, and/or the allegations set forth in Plaintiff's Complaint are otherwise time-barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

49.  Plaintiff's claims are barred, in whole or in part, by his election of remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

50.  Plaintiff has failed, in whole or in part, to satisfy the statutory prerequisites for filing some or all of his claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

51.  Plaintiff's claims for emotional distress are barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Law or other similar workers' compensation laws, rules or regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

52.  Plaintiff's claims are barred, in whole or in part, and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of the Defendant County's preventive or corrective opportunities to avoid harm otherwise.

### EIGHTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred and/or any recovery of damages is precluded because Plaintiff failed to exhaust his remedies under any applicable collective bargaining agreement or policy of Defendant County.

### NINETEENTH AFFIRMATIVE DEFENSE

54. As discovery may show, Plaintiff engaged in misconduct prior to or during his employment with Defendant County, which if known by Defendant County, would have resulted in Plaintiff's discharge and, and such, Plaintiff cannot recover lost wages and/or other relief.

### TWENTIETH AFFIRMATIVE DEFENSE

55. At all times relevant hereto, Defendant acted in good faith in discharging her duties in accordance with all applicable statutes, laws, codes, rules, agreements and regulations and pursuant to her statutory authority and did not violate any clearly established Constitutional or statutory rights of which a reasonable official in Defendant's position would have known and as such is entitled to qualified immunity.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

56. Plaintiff's claims under the New York Human Rights Law must be dismissed because Defendant did not aid, abet, condone, or acquiesce in any alleged unlawful conduct.

WHEREFORE, Defendant asks this Court to:

1. Dismiss Plaintiff's Complaint and all claims for relief set forth therein;

2.    Grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this meritless and vexatious action.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404

BY: _____
Joseph A. Saccomano, Jr. (JS 7504)
Susanne Kantor (SK 8278)

Of Counsel to the Office of the
Westchester County Attorney

ATTORNEYS FOR DEFENDANTS

Dated: March 30, 2009
      White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
MICHAEL A. DEEM,                                    :
                                                    :
                       Plaintiff,                   :        Case No. 09 civ. 1842 (SCR)(LMS)
                                                    :
        - against -                                 :
                                                    :
CHARLENE INDELICATO, individually,                  :
LORI ALESIO, individually, HILLARY                  :
RAIMONDI, individually, CAROL                       :
ARCURI, individually, and the COUNTY                :
OF WESTCHESTER, New York                            :
                                                    :
                       Defendants.                  :
------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer of Defendant Charlene Indelicato to Plaintiff's Complaint has been served via First Class mail this 30th day of March, 2009, on:

Jonathan Lovett (4854)
222 Bloomingdale Road
White Plains, New York  10605
(914) 428-8401
*Attorneys for Plaintiff*

_____
Susanne Kantor